IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK T. RAY, III, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-985 |
| ) | Judge David Stewart Cercone |
| JEFF ROGERS, Corrections Program ) | Magistrate Judge Maureen P. Kelly |
| Manager; DAVID MITCHELL, Captain; ) | |
| COI HARKLEROAD, Corrections Officer; ) | |
| COI STEPHENS, Corrections Officer; ) | |
| MICHAEL SMITH, Activities Mgr/PRC; ) | |
| DAVID GRAINEY, MAJOR OF GUARD; ) | |
| MARK CAPOZZA, Deputy OF ) | |
| Services/PRC; F. NUNEZ, Hearing ) | |
| Examiner; GREG JOHNSON, ) | |
| Principal, Director of Educational Services - ) | |
| Member of PRC Misconduct Appeal Review) | |
| CARLA SWARTZ, Unit Manager PFC; R. ) | |
| DIETZ, Psychology Manager; LOUIS ) | |
| FOLINO, Superintendent; CAPTAIN ) | |
| DURCO, Shift Commander; CO1 ) | |
| McDONOUGH; CAPT. HAYWOOD, ) | |
| SECURITY OFFICE CAPTAIN; LT. ) | |
| SHRADER, Lieutenant OF RHU; LT. ) | |
| MIEGHAN, Lieutenant; DORINA ) | |
| VARNER, Chief Grievance Officer; ) | |
| ROBERT MACINTYRE, Chief Hearing ) | |
| Examiner; LT. ARMSTRONG, Lieutenant ) | |
| Security Office; DAN DAVIS, Grievance ) | |
| Coordinator; CAPT WALKER, RHU ) | |
| Captain; LT. BARKEFELT, Lieutenant; ) | |
| CO1 MILLER, Hearing Officer, ) | |
|         Defendants. ) | |

**O R D E R**

Defendants have filed a Motion to Revoke ("the Motion to Revoke") Plaintiff's In Forma

Pauperis ("IFP") Status, ECF No. 73 and a Brief in Support, ECF No. 74, asserting that at the

time of the filing of this civil rights action, Plaintiff possessed three strikes within the meaning of 28 U.S.C. § 1915(g), and therefore, was not entitled to proceed IFP.  Frederick Ray III ("Plaintiff") was ordered to file a response, and after being granted an extension of time in which to do so, filed his Response.  ECF No. 82.  In that Response, Plaintiff concedes that at the time of the filing of this civil rights action, he had already acquired three strikes.  Id. at 6 ("Plaintiff concedes he has 3 strikes.").

Defendants contend that Plaintiff had already acquired, at the time of the filing of this action, three strikes within the meaning of 28 U.S.C. § 1915(g).  Defendants cite several cases in support of their contention.  The Court agrees that at the time of the initiation of this action, i.e., July 13, 2012, two of the cases cited by the Defendants clearly constituted strikes.  They are:  1) Ray v. Miller, No. 2:04-cv-558 (E.D. Pa., ECF No. 13 order granting Motion to Dismiss for failure to state a claim); and 2) Ray v. Faust, Civ. No. 4:00-197 (M.D. Pa., ECF No. 24 order granting Motion to Dismiss for failure to state a claim).  However, the remaining cases cited by the Defendants at the time of the initiation of this case were apparently not, under then prevailing case law, clearly strikes.

When the Court conducted its screening of this case, this Court was aware of, and, did consider Ray v. Duck, No. 99-0379 (M.D. Pa.), one of the cases cited by the Defendants as a strike.  However, given the decision of Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002), this Court determined that dismissal for failure to exhaust did not constitute a strike.  See, e.g. Ball v. Famiglio, 726 F.3d 448, 458 (3d Cir. 2013) ("Our holdings in *Ray*, and the reasoning on which they were based, would seem to compel us to follow the majority rule and conclude that dismissal for failure to exhaust does not constitute a strike under the PLRA.")  However, since the case at bar was initiated, the United States Court of Appeals for the Third Circuit has decided

that a dismissal for failure to exhaust administrative remedies, which is required by 28 U.S.C. 1997e, can constitute a strike. Id. The Court of Appeals explained in Ball v. Familgio, that

> dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim. The first part of the rule—pertaining to cases in which the exhaustion defense is not apparent in the complaint—is likely to cover "the majority of cases ... [so that] the defense will not be raised on a Rule 12(b)(6) motion and the dismissal will not count as a strike." *Thompson*, 492 F.3d at 438. The second part—which applies when a court has correctly determined that the exhaustion defense is apparent on the face of the complaint—follows from the statutory text of § 1915(g) and our own "Third Circuit Rule." "When a court dismisses an unexhausted complaint under Rule 12(b)(6), thus concluding that the complaint fails to state a claim, section 1915(g)'s plain text compels us to count that case as a strike."

Id., at 460.

Applying the rule of Famiglio to the case it bar, it becomes apparent that Plaintiff had already acquired three strikes when he initiated the case at bar and that the case of Ray v. Duck, No. 99-0379, should have been counted as a strike, even though this Court previously did not count it as a strike, given this Court's reasonable, albeit incorrect interpretation of Ray v. Kertes.

From the docket sheet that the Defendants attach to their Motion to Revoke, it is apparent that the Magistrate Judge in Ray v. Duck, No. 99-0379, issued a Report and Recommendation, recommending, pursuant to the screening provisions of the PLRA, dismissal of the civil action there for failure to exhaust administrative remedies and did so based solely on the complaint because the complaint had not yet been served. The District Judge adopted the Report. Accordingly, under the rule of Ball v. Famiglio, it appears that the dismissal in Ray v. Duck for failure to exhaust does indeed constitute a strike.[1] Adding this strike to the two cases cited

---

[1] It is not clear what the Court of Appeals for the Third Circuit meant by the phrase "and correctly" when it stated in Ball v. Famiglio, "dismissal based on a prisoner's failure to exhaust

(…footnote continued)

above, means that Plaintiff in fact had three strikes at the initiation of the case at bar. Hence, Plaintiff's IFP motion should not have been granted. Accordingly, we must vacate the order granting Plaintiff's Motion to Proceed IFP. Hence, the Defendants' Motion to Revoke is GRANTED. The Order entered on September 12, 2012, ECF No. 4, granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis is hereby VACATED.

Plaintiff raises arguments about the proper remedy for the incorrect grant of an IFP motion on behalf of a prisoner who has three strikes. ECF No. 82 at 6 to 7. We find that the

---

administrative remedies does not constitute a PLRA strike, unless a court explicitly **and correctly** concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d at 460 (emphasis added). The use of the word "correctly" could suggest that a court of coordinate jurisdiction may review the correctness of a final judgment of another United States District Court. To the extent that "correctly" means this, we are puzzled as to how such an instruction is able to be reconciled with the principles underlying the well-established doctrines of res judicata and/or collateral estoppel and the general bar against collaterally attacking a final judgment rendered by one United States District Court in another United States District Court. See, e.g., Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) ("Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction."); Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, (3d Cir. 2002) ("Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them."). The United States Court of Appeals has recognized the rule that one may not mount a collateral attack on even an erroneous judgment but may only do so in a direct appeal. Marshall v. Board of Ed., Bergenfield, N.J., 575 F.2d 417, 422 n.19 (3d Cir. 1978) ("A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack.") (quoting Lubben v. Selective Service System Local Board No. 27, 453 F.2d 645, 649 (1st Cir. 1972). This principle from Marshall is simply a recognition that a valid final judgment even if erroneous is not subject to collateral attack, especially not in a court other than the one which rendered the final judgment. See, e.g., Atchley v. Greenhill, 517 F.2d 692, 693 (5th Cir. 1975)("If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Until and unless so reversed or modified, it would be an effective adjudication."). In view of the foregoing, it would be helpful if the Court of Appeals provided some guidance as to the exact import of the meaning of "correctly."

Moreover to the extent that the "correctly" language would require courts to review other courts' decisions to determine if those other courts "correctly" determined a strike, such a requirement would seemingly "inevitably lead to more, and perhaps unnecessary, litigation on whether or not a particular dismissal constitutes a strike" which apparently was of some concern to the United States Court of Appeals in Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).

proper remedy is to order Plaintiff to pay the entire filing fee by June 17, 2014 or the case will be dismissed with prejudice for failure to prosecute. See Howard v. Tennessee, Dept. of Corrections, No. 1–12–0004, 2013 WL 3353893, at *3 (M.D.Tenn., July 2, 2013) (in circumstances where the prisoner was improperly granted IFP status even though he had already acquired three strikes "the proper remedy is to vacate the order granting plaintiff IFP status, give plaintiff given thirty (30) days to pay the balance of the original filing fee, and if he fails to do so, to dismiss the case with prejudice for failure to prosecute."); Fuller v. Caruso, No. 2:12–cv–480, 2013 WL 1830856, at *1 (W.D.Mich., April 30, 2013) ("it has become apparent that leave to proceed in forma pauperis was improperly granted. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g). The Court will vacate its prior order to proceed in forma pauperis and order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed. . . ."); Rider v. Rangel, NO. 1:07-CV-1340, 2011 WL 121559 at *3 (E.D.Cal. Jan. 13, 2011) ("The Court believes that the proper course of action is to revoke Plaintiff's IFP status and grant him a short period of time to pay the full filing fee.") *report and recommendation adopted by*, 2011 WL 841517 (E.D.Cal. Mar 7, 2011). This rule has been applied in this District. Bronson v. Overton, NO. CIV.A 08-52E, 2010 WL 2512345, at *1 (W.D.Pa., May 27, 2010) ("This case was originally and mistakenly assigned to another Magistrate Judge who, not being as familiar with Plaintiff's history of litigiousness, granted Plaintiff's IFP motion. However, because Plaintiff has acquired at least three strikes, Plaintiff's IFP motion should have been denied and, accordingly, the order granting Petitioner leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee

5

within twenty-one days of the Court's adoption of this Report or face dismissal for failure to prosecute."), *report and recommendation adopted by*, 2010 WL 2519773 (W.D.Pa. June 17, 2010); Bronson v. Lamb, NO. CIV. A. 09-225, 2010 WL 936088, at *1 (W.D.Pa., Feb. 9, 2010) ("This case was originally—and mistakenly—assigned to another Magistrate Judge who granted Plaintiff's IFP motion, see Doc. 2, unaware that Plaintiff has acquired at least three strikes. Hence, the IFP motion should have been denied. Accordingly, the Order granting Petitioner leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee within thirty days of the Court's adoption of this Report or face dismissal for failure to prosecute."), *report and recommendation adopted by*, 2010 WL 934266 (W.D.Pa. March 12, 2010).

AND NOW, this 16th day of May 2014, the Defendants' Motion to Revoke, ECF No. 73 is **GRANTED**. The order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 4, is hereby **VACATED**. Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, is hereby **DENIED**. Plaintiff is **ORDERED** to pay the remainder of the filing fee of $97.20 in full by June 17, 2014 or the case will be dismissed without further warning at that time for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any

appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

    /s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: FREDERICK T. RAY, III
GF 2852
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652

All Counsel of Record Via CM-ECF

7