IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK T. RAY, III,<br>                 Plaintiff,<br><br>    vs.<br><br>JEFF ROGERS, Corrections Program Manager; DAVID MITCHELL, Captain; COI HARKLEROAD, Corrections Officer; COI STEPHENS, Corrections Officer; MICHAEL SMITH, Activities Mgr/PRC; DAVID GRAINEY, MAJOR OF GUARD; MARK CAPOZZA, Deputy of Services; F. NUNEZ, Hearing Examiner; GREG JOHNSON, Principal, Director of Educational Services -Member of PRC Misconduct Appeal Review; CARLA SWARTZ, Unit Manager PFC; R. DIETZ, Psychology Manager; LOUIS FOLINO, Superintendent; CAPTAIN DURCO, Shift Commander; CO1 McDONOUGH; CAPT. HAYWOOD, SECURITY OFFICE CAPTAIN; LT. SHRADER, Lieutenant of RHU; LT. MIEGHAN, Lieutenant; DORINA VARNER, Chief Grievance Officer; ROBERT MACINTYRE, Chief Hearing Examiner; LT. ARMSTRONG, Lieutenant, Security Office; DAN DAVIS, Grievance Coordinator; CAPT WALKER RHU CAPTAIN; LT. BARKEFELT, Lieutenant; CO1 MILLER, Hearing Officer,<br>                 Defendants. | Civil Action No. 12-985<br>Judge David Stewart Cercone/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

I.    **RECOMMENDATION**

    Plaintiff Frederick T. Ray, III ("Plaintiff"), commenced this civil rights action on July 13, 2012, while he was an inmate in the custody of the Pennsylvania Department of Corrections. In his Amended Complaint, which was filed on February 20, 2013, Plaintiff alleges that Defendants

violated his rights provided by the First and Fourteenth Amendments to the United States Constitution relative to grievances he filed and misconducts he received while he was incarcerated at the State Correctional Institution ("SCI") at Greene. ECF No. 15. Following the disposition of a Motion to Dismiss, only two Defendants -- CO1 McDonough and Lt. Armstrong -- remain in the case. See ECF Nos. 65, 67. For the reasons that follow, it is respectfully recommended that the Amended Complaint be dismissed against these Defendants as well due to Plaintiff's failure to prosecute.

**II.    REPORT**

On April 14, 2014, Defendants CO1 McDonough and Lt. Armstrong filed a Motion to Revoke Plaintiff's In Forma Pauperis Status. ECF No. 73. Finding that in forma pauperis status had been incorrectly granted in the first instance, this Court issued an Order granting Defendants' Motion. ECF No. 83. The Court also directed Plaintiff to submit the remainder of the filing fee that was owed on or before June 17, 2014, or face dismissal of the case for failure to prosecute. Id.

On June 19, 2014, Plaintiff filed a Motion for Extension of Time to Pay Filing Fee, in which he represented that he was still indigent but had been offered employment upon his release from prison, which was to take place on September 17, 2014. ECF No. 91. Because of the length of the extension sought by Plaintiff, the Court treated Plaintiff's Motion for Extension of Time as a Motion to Stay the Case until Plaintiff was released from prison and gainfully employed. ECF No. 92. The Court then granted Plaintiff's Motion and directed that the case be stayed until October 17, 2014, at which time Plaintiff was ordered to pay the remainder of the filing fee owed and was advised that the case would be dismissed for failure to prosecute if he failed to do so. Id. To date, Plaintiff has failed to pay the remainder of the filing fee or given

2

any other indication that he wishes to proceed with this action. Indeed, Plaintiff has also failed to notify the Court of his change of address following his release from prison.[1]

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Order and/or to pay the requisite filing fee, as well as his failure to notify the Court of his change of address, so that the case could proceed. All of these factors weigh against Plaintiff as his failure to respond to the Court's Order and pay the remainder of the filing fee was not only solely his personal responsibility but his failure to do so even four weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Order -- Defendants have not only incurred the expense of

---

[1] The Court notes that the copy of the Order issued on October 28, 2014, ECF No. 97, that was sent to Plaintiff at his address of record -- SCI Smithfield -- was recently returned to the Court marked "unable to forward."

filing various motions, but have also suffered months of delay in adjudicating the claims brought against them.  Although, factor No. 6 -- the meritoriousness of Plaintiff's claims -- will be weighed neither in favor nor against Plaintiff, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff initially filed this action without the payment of the required filing fee, and has subsequently represented that he remains indigent, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's Order, failure to pay the requisite filing fee, and failure to notify the Court of his whereabouts, all of which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case, particularly as Plaintiff was warned that his failure to pay the remainder of the filing fee by October 17, 2014, would result in the dismissal of his case.  It therefore appears that dismissal is the most appropriate action for the Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.  Accordingly, it is respectfully recommended that the Amended Complaint filed in this case be dismissed for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA, 15219.  Failure to timely file objections will waive the right

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.

                Respectfully submitted,

                /s/ Maureen P. Kelly
                MAUREEN P. KELLY
                UNITED STATES MAGISTRATE JUDGE

Dated: November 14, 2014

cc:    The Honorable David Stewart Cercone
       United States District Judge
       All counsel of record by Notice of Electronic Filing

       Frederick T. Ray
       GF-2852
       SCI Smithfield
       1120 Pike Street
       Huntingdon, PA 16652

       All Counsel of Record Via CM-ECF